Submitted on record and brief September 25, 1998, affirmed February 10, petition for review denied June 22, 1999 (329 Or 10)

Arnildo J. UPPIANO,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Joseph Timber Company,
*Respondents.*

(98-AB-0830; CA A102102)

974 P2d 267

D. Rahn Hofstetter waived appearance for respondent Joseph Timber Company.

Mary H. Williams, Assistant Solicitor General, waived appearance for respondent Employment Department.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant seeks review of a decision of the Employment Appeals Board (Board) that denied him unemployment benefits on the ground that he voluntarily quit work without good cause. We review for substantial evidence and errors of law. ORS 183.482(7); ORS 183.482(8)(c). We affirm.

Claimant was employed as a boiler operator/fireman by the Joseph Timber Company from August 1995 to September 1997. During that time, claimant suffered from a severe disability described by his doctor as "severely advanced degenerative disease" of the hip. Due to that condition and the strenuous physical demands of his job, claimant had great difficulty performing his job. Claimant quit work because his disability caused him great pain and made it difficult for him to perform his duties. Claimant did not discuss his physical problems with his employer before quitting.

An administrative law judge (ALJ) concluded after a hearing that claimant had voluntarily quit work with good cause, and, on that basis, the ALJ allowed benefits. Employer appealed to the Board, which concluded that claimant had quit work without good cause, and, thus, was not entitled to benefits.

In order to qualify for unemployment benefits, claimant had to establish that he quit work for good cause. ORS 657.176(2)(c). "Good cause" for voluntarily leaving work is defined in OAR 471-030-0038(4) as circumstances

> "such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. For an individual with a permanent or long-term 'physical or mental impairment,' good cause for leaving work is such that a reasonable and prudent person with the characteristics and qualities of such individual, would leave work. For all individuals, the reason must be of such gravity that the individual has no reasonable alternative but to leave work."

The Board found that claimant suffered from a permanent impairment that made it very difficult for him to perform his work. Because of that, the Board reasoned, "[a] reasonable and prudent person in claimant's position would not continue

to work in a position that was made difficult and painful as a result of his impairment." However, the Board concluded that claimant had a reasonable alternative to quitting his job.

Citing testimony in the record, the Board found that, had claimant discussed his physical condition with employer, employer would have been willing to assign him to other work for a temporary period of time. The Board recognized that that arrangement would not solve claimant's long-term problem, but it reasoned that a temporary position "would have allowed claimant to remain employed and earn an income for some additional amount of time." In addition, during that time, claimant "could have sought another permanent position, within his limitations." Hence, according to the Board, claimant had a reasonable alternative to quitting work. We conclude that there is substantial evidence in the record to permit the Board to make the findings that it did, and that those findings support its conclusion that claimant quit work without good cause. *See Pinto v. Employment Div.*, 122 Or App 616, 858 P2d 177 (1993).

Affirmed.